Is your pronunciation near to P-E-H-A? P-J, Your Honor. P-J. I will happily answer to either of them. P-J? P-J, yes sir. P-J, okay. I gave you a Spanish pronunciation. I've had that before, Your Honor. Telemarketers often do that as well. I just said it would give you a different pronunciation. P-J. Okay. You reserve three minutes of your time for rebuttal, correct? Yes, Your Honor. All right. You may proceed. Thank you. Good morning, Your Honors, and may it please the Court. I'm Michael Piazza on behalf of the appellant today, Apple. I want to focus this morning on two key reasons why the Board's decision in the claim construction    The third reason is that the Board's decision was wrong and should not have been. First, the Board wrongly concluded that the broadest reasonable interpretation of a predetermined amount of time required the time to be unchanging but dynamically adapted and updated. And second, the Board wrongly concluded that the broadest reasonable interpretation of a predetermined maximum amount of time categorically excluded all times that do not begin in the present. To the first of those errors, the Board rewrote a disputed claim here, predetermined maximum amount of time. It rewrote the word predetermined to require a period of time that is an unchanging amount of time, that's at Appendix 45, and that the start or end time will change dynamically as time passes, that's at Appendix 46 and 47. The key problem with that is that those limitations are completely divorced both from the intrinsic record and from the plain and ordinary meanings of the terms. So to win here, to secure reversal, Apple need only show that it would have been reasonable for the Board to adopt the plain and ordinary meaning of the term predetermined. What is that plain and ordinary meaning? This Court has repeatedly explicated that the plain and ordinary meaning of predetermined is simply determined or chosen in advance or beforehand. That was the Court's holding in the ITT versus Valley Gaming case. It was the Court's holding in the Ferguson Beauregard case, both of which are cited in our briefs. And further supporting the fact that predetermined simply means determined in advance is conventional English usage. The Board found that predetermined had to mean unchanging, but there are plenty of times when we refer in common parlance to predetermined. That is not unchanging. The number of days in the month of February, for instance, predetermined, but every four years or so it changes. The amount of time between now and 5 p.m. It's a predetermined amount of time. It's known in advance, but it changes as the day wears along. I guess what was wrong with the Board understanding predetermined maximum amount of time to be a pre-set quantum of time starting at 5 p.m. It's predetermined from the present, I guess, is the way they did it. So, for example, if it's one hour, right, the idea behind the invention is you've predetermined that the length of time, the amount of time, is one hour. And so it's calling for doing a prediction of trying to figure out whether a person is going to be somewhere within the next hour. That seems like a straightforward reading of the claim. That's entirely consistent with what's being disclosed as examples in the specification, as well as references to current time to future time, et cetera, in the specification. So where the Board errs, Your Honor, is in limiting the claim to that embodiment, to that specific example. We don't dispute that the specification discusses. But what if that's what the invention is? And every single embodiment does that. It tracks the data in my phone, and it tracks my location. And it does whatever algorithm it does. And it says, well, at 2 o'clock on Wednesday, it knows that I'm going to be at the Trader Joe's within the next two hours. Or 4 o'clock on Thursday, I'm going to be at my gym. That's what they invented. They didn't invent something that said, on Friday, from 6 to 8, he's going to be wherever. I mean, isn't this how they would describe it? And isn't that the embodiment in their patent? To the first question, that's not how they described it. I would agree that there are embodiments in the specification that discuss examples exactly like you've proposed, Judge Chen. What's lacking is anything in the intrinsic record that limits the claims to something narrower than their ordinary and plain meaning. The term predetermined does not mean unchanging. The court has held that in the past. And the plain English usage of the term is not consonant with that. We need to read claims in the context of the patent that it's a part of, right? It's an integrated legal document. It's not like we can just pluck words from other sources and then use those meanings of that word in other contexts and just plug it right into this patent, necessarily. So we do need to read the claims in light of the intrinsic record. And when we look at the board's decision, the board doesn't cite anything in the intrinsic record or in the patent. They only cite something in the extrinsic record for the proposition that the length of the period of time has to be unchanging. When you look at that part of the board's decision, which comes in at pages 45 and 46 of the decision, same pages in the appendix, there's no cite to anything in the specification. Nothing in the file history. In fact, the spec and file history don't use the word unchanging. They don't say unchanging or static, anything of that kind. The board imported that limitation solely because it itself believed that that was the plain and ordinary meaning of the term writ large. And that's where the examples that I gave come in. Because the board wasn't saying that if you look at the invention here, you've got a statement that says this predetermined amount of time here is unchanging. It didn't say that. And it couldn't because that's not actually in the patent anyway. So can you say one more time what's your conception of predetermined? Because to me right now, let's just assume I'm with the board, predetermined amount of time means you are pre-setting, you're trying to do a real-time prediction of where someone is going to go next within the next hour. And so the system has predetermined one hour as being the predetermined maximum amount of time. So predetermined means determined in advance. That's what this court has repeatedly held it to mean. That's the plain meaning as given by the examples in English that I was referring to before. And that's – there's nothing – That lines up with what I just explained, doesn't it? It includes what you just explained, Your Honor, but it is broader than that. And the key difference is that there's no requirement that something that's decided in advance be unchanging for all time. Again, the number of days in February changes every fourth year. It's still predetermined. To give an example in the context of this patent, if I said that the time period is from now until 5 p.m., that's predetermined. I know right now how I'm going to define that time period. But it's not unchanging because as I get closer to 5 p.m. and I get closer to the end of that, the duration of that period lessens. And to your point, Judge Hughes, that actually aligns exactly with the purpose of the invention. The inventor repeatedly said that what I want to be able to do is I want to be able to deliver predictions at a time when I can influence the behavior of the user. That's column 1, so the very beginning of the patent. And in order to be able to do that, take some of the examples they have. They have an example at column 5 about making a prediction about a special offer at lunchtime. And lunchtime only goes from, say, 12 to 1. If you want to be able to do – to make an offer in that context, you have to be able to do that. Because your period of time is fixed by – not by a number from the present, but by the duration of lunchtime, 12 to 1. And as I get closer to the end of that period, as it's almost the end of the lunch hour, I can't just say, well, I'm still going to predict where the person's going to be an hour from now. That doesn't make any sense. That contravenes the purpose of the invention because you can't influence the behavior of the individual anymore. Where I think the board really got wrong here, and they say it explicitly on page 45 of the appendix of their decision, is they said, well, we know that the predetermined time has to be unchanging because it has to be the same each time the method is run. Well, there's no requirement anywhere in the claim that says the method has to be run more than once. And it doesn't make sense to talk about something being unchanging if it only exists once. In fact, the board ignored two examples in the specification that show that the method need not be performed once. One of them is figure 7, appendix 7. This is appendix 61, which shows a flow chart in which the prediction goes through only once for each criteria. And the second is column 5, line 25, appendix 66, in which the specification talks about a projection or prediction being performed at 12 o'clock. It doesn't talk about it being performed again. So the board's underlying belief that the predetermined period had to be unchanging because the prediction was performed more than once is not supported by the intrinsic record. And at a minimum, it is reasonable for Apple to urge that the broader construction, the same one this court adopted in the other cases, is applicable. And that's particularly true because the board was not relying on anything in the intrinsic record to come to a different conclusion. And the board compounded this error by pairing the unchanging requirement with another requirement, that the claims be adjusted dynamically. As they put it, dynamic adjustment of both the start and end time is necessary so the period would adjust to a continuously changing present time. That's at appendix 47. And again, there's no intrinsic support for that. The word dynamic isn't anywhere in the intrinsic record. Not in the claims, specification, file history. And there's no extrinsic evidence either that supports these particular additions. And so that's the first reason. We submit that the board erred in concluding that it was unreasonable for a predetermined amount of time to include something that was not unchanging for all time and that was not necessarily dynamically adjustable. Second, the board erred in a similar way by concluding that the maximum amount of time categorically must start in the present and that any other period of time was excluded. To affirm, again, the court would have to conclude that it was unreasonable for the predetermined maximum amount of time to include something that was not starting at this very minute. And I think the key problem here is that the board never grappled with the proper standard. They never addressed whether Apple's construction was reasonable. They were focused on a Phillips-type analysis and showing that, well, their construction is reasonable and that it's supported by some examples in the spec. Under this court's decision, in Google versus Network One technologies, I'll cite it in the briefs, that's not the standard. If there's more than one construction that's reasonable, the broader governs. And here, Apple's construction, under which the predetermined amount of time can start in the present or the future, is a reasonable one. And how do we know? First, it's common usage. It's reasonable to interpret the starting point as something other than the present time based on how people normally talk. Say, if I said, I predict that Usain Bolt will finish his race within 10 seconds, the time, the beginning of those 10 seconds, is not the prediction. It's the beginning of the race. Here, in parallel, when the claim says predicting whether the device will be in a location within the predetermined amount of time, the starting point isn't the predicting step. It's the beginning of the amount of time. And that may line up with the prediction. We don't dispute that. It certainly might, but it doesn't need to. And we know that because the period of time can, as the board itself found, be specified by a beginning time and an ending time. For example, by 3 o'clock and 4.30 p.m. And so the board, in its institution decision, in a finding that it never retracted, never stepped back from, said that a quantity or number of devices with a number of times, such as 3 to 4.30 p.m., is equivalent and convertible to, based on common knowledge and basic math. Those are the board's words. A quantity or amount of time, like 1.5 hours. It said that at Appendix 750, page 21, and therefore necessarily implied that the amount of time could be expressed with a beginning and an ending time, not just a number. And once you get there, and we submit that the board's initial finding was reasonable, and this court has, in the past, held that findings in its institution are evidence that the position advocated is reasonable if the board adopts them at that point. Given that, it is at least reasonable to conclude that a predetermined amount of time does not categorically exclude any time that does not start in the present. Unless Your Honors have any further questions, immediately I will reserve my remaining time for recall. Okay, thank you. Counselor Coiti. Thank you, Your Honor. May it please the Court, Brian Coiti, Ambassador Ulaloch. As Apple has noted in its briefs, our position largely tracks the board's decision. And as you know, it spends about 16 pages just on one term alone. So I have no intention to delve into the details of it. I want to instead address kind of broader thematic legal issues and also address what counsel said in his argument. First, I want to address the suggestion that Apple makes that the board somehow went down the errant path of a Phillips-type analysis. That's not what happened. Second, I want to address specific legal flaws. And third, I want to address the unchanging dynamic aspect that counsel addressed. On the point of the... Sorry, hang on, Your Honor. On the point of the legal standard, Apple in several points in their brief refers to the correct, Phillips standard versus the reasonable standard. And they make it sound like they're night and day like you go down different paths. First, just in the facts here, the board made it clear that they applied BRI, not Phillips. They noted that the rule change was around this time period. They specifically stated that BRI was being applied. Moreover, it makes no sense that the board, a body that is hired and trained initially to only apply BRI, would somehow bring in Phillips notions. If anything, Your Honor, I think kind of as a practical matter, you might see this in the future, the reverse. You might see the future where now that the rule change has been changed to Phillips, the board might say, okay, well, I think this is how it should apply and you might have to correct them. But it makes no sense they would do that. In fact, Apple has not cited a single case where this court has reversed the board based on its application of Phillips. So that's telling. I mean, it's kind of just threshold. That's where we are. Second, if you look, and I think this is an interesting academic issue, but it's also really relevant here. If you look what Apple's arguing, the gist of their complaint isn't the broadest reasonable. They give lip service to the word reasonable, but they're really coming up with the broadest possible construction. What they do, and we point this out on pages 31 and 32 of their brief, they kind of do a word-by-word parsing of the claim language. They look at amount in time, which is talked about from other patents in a different context, within. And then they kind of piece that together from the specification. But they're lacking, and what they do, which I'll address later, is they don't really look at the claim language. They kind of give short shrift of it. They look at just kind of these words without context. Now, what Apple is doing is rejected by the Patent Office itself. I know the MPEP is not dispositive authority, but it's still telling. The MPEP in Section 2111 says, that BRI, quote, does not mean broadest possible interpretation. Then goes to acknowledge that they typically look at claims, spec, ordinary meaning, to oppose it. Microsoft VT Proxy Count, which is cited in the briefs, 789, Feb 3rd at 1298, notes that IPR claim construction must not be, quote, unreasonable under general claim construction principles. And goes on to acknowledge, again, spec, prosecution history, ordinary meaning. Chief Judge Michel, in a quasi amicus, after he had retired, and again, I'm not saying this would be necessarily dispositive, but he gave a very enlightened address, addressed this issue very much. And he said, in theory, and he kind of tabulated the cases, in theory, the Phillips standard for claim construction should seldom depart from the BRI standard. And then goes on to discuss a narrow exception, which would be disclaimer, either disclaimer in the spec that I kind of challenged their initial assumption that even if the board did apply Phillips, that it would really deviate. Now they did note this one case, PPC 1. And when I first read it, I thought I'd heard that case before. PPC 1 is 815, 734. In that case, the court, a panel of Moore, O'Malley, and Wallach, did note a situation where BRI would result in a different instance than Phillips. And in that one, the BRI, they looked at the claims and spec, which was a broader interpretation. Then there was also this interpretation that they speculated could also exist where you took the claims and spec in a dictionary, and that would make it narrower. But they found that both of those were not in conflict with the spec and the claims. So then they said, okay, we're going to choose this broader one. That's kind of similar to the Canada construction for preserving validity, which I know is not always in favor, but in both interpretations, you go for the broader one. Can I ask you a different question? Sure, yeah. I don't know if you're prepared or have thought about this, but do you have any thoughts on what makes this method of delivering information patent eligible under Section 101? I have not considered that, Your Honor. I was brought into this case. We're going to shut this colloquy down. Yeah, yeah, I'm sorry. Can I follow up on that, though? Is this state and it's state? It is state. I am not counseled of that. I'm only counseled this level. Is there a 101 motion yet in that case? I believe from reading what's in the record, there is a 101 motion. So that is true. I have not looked at that issue at all, Your Honor, so I apologize. I suspect somebody's going to be looking at that issue. It wouldn't surprise me, Your Honor. I've only really studied what's before me now and the other issue, again, in PPC-1, the main thing to take away from that is it found that the reasonable construction was something consistent with the claims in the spec. I think we understand our case law and the difference between BR&RI and Phillips. What you need to convince us is that your specification supports the board's construction read with these claim language because I do see some wiggle room in just the language of the claims themselves for Apple broader interpretation. What you have to convince me is based on the specification, that's not right. I can address that, Your Honor. Thank you for pointing me in that direction. And that was one of the points I was going to intend to cover. The specification, the examples that Apple hangs her hat on is the two examples, the restaurant and the department store example. And if you look at that section, which is column 1, 6061, there's very precise usage of the predetermined amount of time being linked to the one hour. Then, sentenced immediately after that, it says in what the board has called the additional feature, the manager can also specify days and times which the actions are applicable. So what Apple's done is said, okay, well, that must be something that applies to the predetermined amount of time. But as we've noted in our briefs, and I think as the board noted, where the actions is applicable is in a different step than where the predetermined amount of time is used. The predetermined amount of time is used in the retrieving step and the predicting step. So that is clearly something, it's a disclosed and unclaimed embodiment. And Apple makes, they make it sound like a horrible, horrible as they call it, the Bigfoot, the Bigfoot argument. It's unclaimed and not described. But, Your Honor, I think you all know that happens all the time. I mean, I started my career as a patent prosecutor. I wish I had such precision that everything that I claimed as a one-to-one correspondence, there's nothing extra. You always have extra disclosures in your spec. So that's just something that was there. There's nothing sinister about it. And in fact, I think if the court were to examine other patents, it's very common. So that's, I think, that's the only way they could get that. I think if you also look at their analysis, they really don't look at the claims. The claims really lock it in. If you look at the claim language, the predicting step is locked in to the time period. And so when you, half the time period has to start at the predicting step. That's just the way the language is written. That relates to the other issue that Counselor was raising about the so-called, the board's changing its construction and its decision. It makes it sound like there's some road board and they're just applying ERI and fill-ups, then it goes in and adds in something that's, you know, starts changing it midstream. That's not what happened. And I can walk the court through it. It's in our briefs. I don't want to be too repetitive. But first of all, let me address the unchanging requirement. As we noted, and this is on page, I believe, 30 of our red brief, we're saying that the phrase in the retrieving step is the same thing that you're pulling, the same amount of information you're pulling from the predicting step. It was saying an antecedent basis. It's saying that's an unchanging amount. It's the same thing. It wasn't saying that predetermined amount is unchanging. And I think it's very clear. I don't want to go down to the details, but that's one first point to notice. Second point about this dynamic being something that was added, and I'm kind of a mechanical guy, so I see everything mechanical. What the board was trying to say is Giles has kind of a start time and end time, so 1 o'clock and 2 o'clock. Okay? And you have the predicting. You don't know when the predicting is going to start with these fixed start and end times. So you can go along, and the predicting can come along, and it can start at maybe 1 o'clock. Okay, then you'd have one hour. Okay, let's try it again. You'd have half an hour left. That's not a predetermined amount of time. Versus in the patent, the predetermined amount of time is the example being an hour. It's a fixed amount of time, and then as the predicting starts, it's always that one hour. So that's the only reference to dynamic versus static. It was not in any way an additional requirement. It doesn't add anything more into the claim terms. It was not intended to be more than what they already did. I think the board, if anything, was trying to go out of its way to try to explain the impact of its interpretation. Finally, let me briefly address the standard of review. We, of course, they beat us up a little bit saying, look, you're arguing that it's not de novo, but we acknowledge, of course, that claim constriction ultimately is a de novo issue.  extrinsic evidence, and some of the statements in Apple's brief conflict with what even they're arguing today. The board found that the dictionary definition partially confirms the court's construction. They looked at different definitions. The board did find expert testimony is not consistent with the 199 patent disclosure. That's APPX 18 and 19. The one for the dictionary is APPX 20. And Apple continues today to assert that the expert testimony is relevant. That said, Blue Brief 34 and 35. So it seems to us that there were factual determinations based on extrinsic evidence. It wasn't the type of factual determination saying I find these facts, but the court did look at what the expert, the board did look at what the expert said and did look at what the dictionary definition. And Apple continues to assert that today that the expert testimony is relevant. So we think it's still justified to say that the substantial findings need to be reviewed for substantial evidence. That's all I have today, Your Honor, unless there's any other questions. Okay, we thank you. Thank you. Your Honors, if I may just address a few points that counsel made in his argument. First, counsel says that Apple gives short strip to the claim. And I think the opposite is true. If you actually look at claim one, none of these limitations that Uniloc is trying to read in there, multiple runs through the prediction, dynamic, unchanging are in there. None of that's in the claim. So the claim itself supports Apple's position. Second, I heard counsel to say that the predicting step, that the unchanging issue, is that that's just between the predicting step and the retrieving step. We don't dispute that the same period of time is used in those two steps. But that has nothing to do with the word predetermined. That's simply because the claim has an antecedent basis in it. It says a predetermined amount of time and set. So it's the same, that would be the same whether it was a predetermined amount of time or a predetermined amount of time. I also heard my counsel opposite to say that, I believe he said, Uniloc is not saying that the amount of time is unchanging. If that is true, if in fact counsel is conceding that, he has conceded that these claims are obvious over Gillies, the sole reason the board found that Gillies did not render obvious in combination with the other reference of issue of Charlebois,  that Gillies did not render obvious the claims was that the board found that Gillies' disclosure of predicting whether a device will be in a time period that quote, may be in the past, present, or future. That's what Gillies said. The time period of the prediction may be in the present. The board's sole reason for rejecting that was that that time period changed if you ran the prediction more than once. And that's at appendix 45. If Uniloc is now saying that that's not, the time period doesn't have to be unchanging, they have conceded the obviousness of the claim over Gillies. To address Judge, I am trial counsel below. We have filed a one-on-one motion. It is fully briefed and awaits the court's decision if and when the stay pending this IPR is lifted. Uniloc made reference to Apple's examples. They said we hang our hat on the restaurant and department store examples. It's not entirely true. There is a disclosure at column four, lines 44 to 47, appendix 65, that we also cite, that says it refers explicitly to a prediction of whether a device is likely to be in any of a number of locations, quote, within a predetermined amount of time in the future. Apple submits that it's at least reasonable to read that as referring to a time that is completely in the future. Finally, in order to affirm, this court must find it is unreasonable to define an amount of time as a window or period of time. If 5 to 6 p.m. is a window or period of time or an amount of time, Apple wins. If an hour until 2 p.m. or from 2 p.m. is an amount of time, Apple wins. And with thanks for your time, the case of Apple, which I respectfully submit. Thank you. Our next case is Consumer 2.0, Inc., versus Tendon Turner, Inc., 19-1846.